[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13355
Non-Argument Calendar
_____

D.C. Docket No. 4:11-cr-00056-RH-CAS-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BENJAMIN NATHANIEL LIVINGSTON,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(March 7, 2013)

Before PRYOR, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Benjamin Livingston was convicted after a jury trial for possession of stolen

firearms, in violation of 18 U.S.C. §§ 2, 922(j), and 924(a)(2), and possession of

firearms by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).

He appeals his convictions, arguing the government did not establish that he was

the person named in the indictment and referred to by the witnesses. Livingston

also contends, for the first time on appeal, that the evidence was insufficient to

support his conviction for possession of stolen firearms because there was no

evidence he knew or had reasonable cause to believe the firearms were stolen.

Finally, he argues for the first time on appeal that the district court erred by

admitting testimony about prior drug activity. After careful review, we affirm.

I.

The relevant facts adduced at trial, viewed in the light most favorable to the

verdict, are summarized below. Lisa Roland testified that, on May 17, 2011, she

borrowed William Braswell's car to go to Livingston's house to consume illegal

drugs. Roland and Livingston had known each other for about a year, and

Livingston had supplied drugs to Roland in the past. Livingston and Roland used

drugs that night and other people came to the house to purchase drugs from

Livingston. Roland spent the night with Livingston. She told him that there were

firearms in Braswell's car and asked him to move the car behind the house so that

no one would "bother with it." At some point, she and Livingston ran out of drugs.

She testified that Livingston suggested selling two of the firearms to get some cash

and said they would somehow get the firearms back later.  Roland agreed to this plan because she thought Livingston would use the cash to purchase more drugs.

Albert Waldrep testified that, on the morning of May 18, he received a phone call from Livingston, a former co-worker, offering to sell him firearms. Waldrep visited Livingston's home, and Livingston showed Waldrep approximately 20 firearms in the trunk of Braswell's car.  Waldrep testified that Livingston told him the firearms belonged to Roland's "old man," who the jury could infer was Braswell.  Livingston sold Waldrep two of the firearms.

Livingston was indicted and tried for being a felon in possession of firearms and possession of stolen firearms.  At the close of the government's case, Livingston moved under Federal Rule of Criminal Procedure 29 for judgment of acquittal, arguing that the government had not identified him as the person named in the indictment or identified by the witnesses.  The district court denied the motion.  The jury convicted Livingston on both counts, and the district court sentenced him to 210 months' imprisonment.  This is Livingston's appeal.

## II.

Livingston makes two arguments about the sufficiency of the trial evidence. First, he argues that the district court erred in denying his motion for judgment of acquittal because the evidence was insufficient to identify him as the person named in the indictment and referred to by the witnesses.  Next, he contends that the

3

evidence was insufficient to sustain a conviction for possession of stolen firearms because the government failed to prove that Livingston knew or had reasonable cause to believe the firearms were stolen. *See* 18 U.S.C. § 922(j).

We review *de novo* the district court's denial of a Rule 29 motion for judgment of acquittal based on insufficient evidence. *United States v. Westry*, 524 F.3d 1198, 1210 (11th Cir. 2008). Where the defendant raises a sufficiency argument for the first time on appeal, however, our review is only for plain error. *United States v. Barrington*, 648 F.3d 1178, 1192 (11th Cir. 2011). In either circumstance, "we must draw all reasonable inferences in favor of the verdict." *United States v. McGuire*, No. 11-12052, slip op. 822, 824 (11th Cir. Jan. 30, 2013). "If a reasonable jury could have found the defendant guilty beyond a reasonable doubt, then we cannot overturn the jury's determination." *Id.* (internal quotation marks omitted).

## A.

The district court did not err in denying Livingston's motion for judgment of acquittal. The trial evidence sufficiently supports the jury's determination that Livingston was the person named in the indictment and referred to by the witnesses. Both Waldrep and Roland testified that they knew Livingston and interchangeably referred to him during their testimony by his name and as "the defendant." From this, the jury could find that Livingston was the person who

4

committed the charged crimes beyond a reasonable doubt, and therefore the district court properly denied Livingston's motion.  *See id.*

### B.

Livingston also argues that the evidence was insufficient to establish that he knew or had reasonable cause to believe the firearms were stolen.  Because he did not raise this argument before the district court, we review only for plain error. *Barrington*, 648 F.3d at 1192.  To establish plain error, Livingston must show there is (1) error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Johnson v. United States*, 520 U.S. 461, 467 (1997).

We see no error here because the evidence presented at trial was sufficient for the jury to conclude that Livingston knew or had reasonable cause to believe the firearms were stolen.  Waldrep testified that Livingston told him the firearms belonged to Roland's "old man" just before Livingston sold them to him. Additionally, Roland testified that she had known Livingston for about a year and that she had driven to Livingston's house in Braswell's car.  From this, a jury could reasonably infer that Livingston knew or had reasonable cause to believe that the car and the firearms in it did not belong to Roland.  Roland also testified that Livingston had suggested eventually getting the firearms back, from which a jury

could infer Livingston's knowledge or reasonable belief that the firearms were stolen.

### III.

Livingston also contends that the district court erred in admitting evidence about his prior drug activity under Federal Rules of Evidence 404(b) and 403. Because he raises these issues for the first time on appeal, we review only for plain error. *United States v. Turner*, 474 F.3d 1265, 1275 (11th Cir. 2007).

Rule 404(b) disallows the use of evidence of a crime or prior wrongful act to prove a person's character or to demonstrate that a person acted in conformity with that character on a particular occasion. On the other hand, "Rule 404(b) does not apply when the other act evidence is linked in time and circumstances with the charged crime and concerns the context, motive or setup of the crime; or forms an integral part of the crime; or is necessary to complete the story of the crime." *United States v. U.S. Infrastructure, Inc.*, 576 F.3d 1195, 1210 (11th Cir. 2009). Evidence is admissible under Rule 403 only if the danger of unfair prejudice does not substantially outweigh its probative value. *United States v. Edouard*, 485 F.3d 1324, 1344 n.8 (11th Cir. 2007). "Evidentiary rulings under Rule 403 are committed to the broad discretion of the court . . . ." *United States v. LaChance*, 817 F.2d 1491, 1497 (11th Cir. 1987).

Livingston contends that the district court plainly erred in admitting Roland's testimony that Livingston had provided drugs to her in the past and that he provided them on the night in question. But this evidence does not fall within the scope of 404(b). It explains why Roland visited Livingston's home, which is necessary to illustrate how the firearms ultimately ended up in Livingston's possession, an element of both offenses with which Livingston was charged. Accordingly, it is a necessary component of the story of the crime.

The testimony that Livingston sold drugs to other people on the night in question similarly falls outside the scope of Rule 404(b). Livingston only possessed the firearms because he and Roland decided to sell them. And Roland testified that the reason they wanted to sell them was to obtain cash to purchase more drugs. The testimony that Livingston sold drugs to other people helps to explain why Roland and Livingston needed to purchase more drugs, and therefore Livingston's motive. Because it is linked with the time and circumstances of the charged offenses, it is not within Rule 404(b)'s scope. *See U.S. Infrastructure*, 576 F.3d at 1210. [1]

Nor did the admission of either portion of Roland's testimony violate Rule 403. As discussed above, both portions of testimony were highly probative of

---

[1] Livingston also argues that the government did not give reasonable notice of its intention to offer 404(b) evidence. But because none of the evidence to which he objects falls within 404(b)'s scope, no notice was required. *See United States v. Leavitt*, 878 F.2d 1329, 1339 (11th Cir. 1989).

elements of the offense and critical to the jury's understanding of what happened. And the risk that Livingston would be unfairly prejudiced by this testimony was low. *See United States v. Tinoco*, 304 F.3d 1088, 1120 (11th Cir. 2002) ("In reviewing issues under Rule 403, we look at the evidence in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact." (internal quotation marks omitted)). Further, the district court instructed the jury that it could not "convict the defendant of a gun crime just because he used or distributed drugs." *See United States v. Spoerke*, 568 F.3d 1236, 1251 (11th Cir. 2009) (holding that any unfair prejudice caused by testimony about a chain of events that was "an integral and natural part of the account of the crime" was cured by the district court's limiting instruction). Accordingly, because the evidence in question was critical to the jury's understanding of the case, the district court did not err in permitting the jury to hear it. *See Edouard*, 485 F.3d at 1344.

## IV.

For the foregoing reasons, Livingston's convictions and sentence are

**AFFIRMED.**